991 F.2d 808
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J. Robert STRICK d/b/a Alaska Log Couer D'Alene, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5085.
 United States Court of Appeals, Federal Circuit.
 March 2, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and CURTIN, District Judge.*
 PLAGER, Circuit Judge.
 
 DECISION
 
 1
 A legal entity identifying itself variously as Alaska Log Couer D'Alene and as J. Robert Strick, d/b/a Alaska Log Couer D'Alene (Alaska Log)[1] appeals the January 22, 1992 order of the United States Court of Federal Claims,[2] dismissing without prejudice its complaint, which alleged that the Government owed Alaska Log $4,502.80. The Court of Federal Claims, citing Rule 81(d)(8) of the court (RUSCC), required that Alaska Log obtain appropriate legal counsel in order to pursue its claim further. The Court of Federal Claims denied Alaska Log's motion for reconsideration on February 20, 1992, and Alaska Log has filed a pro se appeal with this court. Because we conclude that Alaska Log must have an attorney to proceed with the appeal, Fed.Cir.Rule 47.3, the appeal is dismissed.
 
 DISCUSSION
 
 2
 The complaint alleged that Alaska Log is a "Washington Sole Proprietorship of J. Robert Strick and Vicki L. Schultz," and that J. Robert Strick is General Manager. See Appellee App. pp. 1-2 (Complaint). The complaint was signed "J. Robert Strick, Owner." Id. Alaska Log represented itself as a "sole proprietorship" in contracting with the Federal Government to provide log material. See No. 90-3937C, Plaintiff's motion for Reconsideration, p 3.
 
 
 3
 On January 22, 1992, the Court of Federal Claims issued an order finding that, under RUSCC 81(d)(8),[3] Strick could not represent the interests of Alaska Log. The court denied Strick's motion for reconsideration on February 20, 1992, explaining again that Alaska Log is "a legal business entity separate from the person of Mr. Strick.... The court cannot construe the sole proprietorship of Alaska Log by Mr. Strick to equate the representation of "oneself," and it certainly is not a member of his family." Strick asserts that this ruling is in error, because Alaska Log, as a "sole proprietorship," is not a legal entity separate from that of Strick--essentially, that a man and his business are one and the same.
 
 
 4
 The question regarding appellant's pro se status is actually two questions. There is the question whether the Court of Federal Claims was correct in determining that under its rule appellant must be represented by counsel. But before reaching that question, we must determine whether, under our rule, appellant must have counsel to pursue this appeal from the Court of Federal Claims' determination. Appellant bears the burden of proving that Alaska Log is entitled to pro se status before us.
 
 
 5
 The documents filed with this appeal left unclear the exact nature of Alaska Log. Who owns Alaska Log? Is Alaska Log a legal entity, or is it merely the trade name used by Strick? On October 29, 1992, this court issued an order to appellant seeking clarification.
 
 
 6
 Strick's response to the court's order states that Alaska Log is owned by the "Strick-Schultz family household" and that Ms. Schultz is his common-law wife. However, "there are no written agreements, stock certificates, etc., delegating a percentage of ownership to either party." It thus appears that Alaska Log is a business organization of some type involving at least two people, Mr. Strick and Ms. Schultz. The response suggests that it is most likely some form of partnership. Since there appears to be more than one owner, it cannot be a sole proprietorship.
 
 
 7
 By statute, each court of the United States has authority to craft rules which govern pro se appearances; this court has done so in Fed.Cir.Rule 47.3. See 28 U.S.C. § 1654 (1988). Rule 47.3 states:
 
 
 8
 Except for an individual (not a corporation, partnership, organization, or other legal entity) appearing pro se, each party ... must appear through an attorney who is authorized to practice before this court....
 
 
 9
 We conclude (notwithstanding the change in caption, supra note 1) that Strick has failed to demonstrate that it is Strick in his individual capacity, rather than Alaska Log the legal entity, which seeks judicial review. Therefore, Alaska Log may not represent itself pro se, and must appear through an attorney who is authorized to practice before this court in order to pursue its appeal.
 
 COSTS
 
 10
 No costs.
 
 
 11
 DISMISSED.
 
 
 
 *
 Hon. John T. Curtin, Senior District Judge, Western District of New York, sitting by designation
 
 
 [1]
 In the Court of Federal Claims, the case was captioned "Alaska Log of Couer d'Alene v. United States." On August 3, 1992, the Clerk's office granted appellant's motion to recaption the appeal as "J. Robert Strick d/b/a Alaska Log Couer D'Alene v. United States."
 
 
 [2]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506 (1992)
 
 
 [3]
 RUSCC 81(d)(8) reads as follows:
 Pro Se. An individual may represent oneself or a member of one's immediate family as a party before the court.
 Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel. The terms counsel or attorney in these rules shall include pro se litigants.